529 So.2d 110 (1988)
Benita FRANCIS
v.
August FRANCIS.
No. 88-CA-0076.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1988.
*111 Robert Grant, Marie Butler, Student Practitioners, Loyola Law School Clinic, Leon Cambon, Supervising Atty., New Orleans, for plaintiff.
Philip P. Spencer, New Orleans, for defendant.
Before SCHOTT, BARRY and KLEES, JJ.
BARRY, Judge.
An ex-wife sued her former spouse for a portion of his monthly federal disability payments and alternatively for alimony.
In 1945 August Francis was discharged from the military as mentally incompetent and qualified for 100% disability payments. In 1966, based on that rating and pursuant to La.R.S. 29:351 et seq. (Veterans' Guardianship Act) his wife filed a petition in the district court to be appointed Mr. Francis' curatrix for the "sole purpose of filing an application for Veterans Service-Disabled Standard Insurance and paying the premiums thereon." The April 22, 1966 judgment granting the appointment provides:
Considering the foregoing petition, it is ordered, adjudged and decreed that:
1. AUGUST FRANCIS be and he is hereby declared to be an incompetent beneficiary of the Veterans Administration pursuant to the provisions of La.R.S. 29:351 et seq.
2. MRS. BENITA P. FRANCIS be and she is hereby appointed Curatrix of the veteran for the sole purpose of applying for Veterans Service-Disabled Standard Insurance and paying the premiums thereon, upon taking the oath required by law.
3. Surety bond be and it is hereby waived in this case.
On February 10, 1983 Mr. Francis executed an affidavit which states:
[He] has lived separately and apart from his wife, BENITA PERTO FRANCIS, since 1972. That since that time Benita Perto Francis has been receiving a portion of his disability payments in the amount of $401.00 for her support. That in consideration of the fact that she has raised their children and is in necessitous circumstances, August Francis agrees that she shall continue to receive this amount after the judgment of divorce in Civil District Court for the Parish of Orleans, suit # 3219357. Benita Perto Francis shall receive this monthly payment for as long as August Francis receives his disability benefits.
Mr. Francis secured a default divorce on February 23, 1983 and stopped the monthly payments a little over a year later. Mrs. Francis filed suit to enforce the affidavit or alternatively for alimony, and a rule to show cause was heard September 2, 1987. The following judgment was rendered on September 28, 1987:
IT IS ORDERED, ADJUDGED AND DECREED that the affidavit of 10 February 1983 signed by August Francis is declared null, void, and unenforceable, and the petition for support filed 16 October 1986 is dismissed.
In his reasons the trial court stated:

*112 Examining the curatorship proceeding..., the court finds that the pre-divorce contract involves self-dealing on behalf of Benita Francis. A curator cannot in his or her personal capacity, or as a representative for any other person, make any contracts with the interdict. Thus, the contract, by its very nature, fails and is null as a matter of law, and the petition must be dismissed. Mrs. Francis appeals urging that the interdiction of Mr. Francis was a limited interdiction, not a formal interdiction, and under Louisiana law a limited interdiction would not preclude enforcement of the affidavit.
La.R.S. 29:358 of the Veterans' Guardianship Law provides in pertinent part:
[T]here shall be no pronouncement of interdiction in the case, but the said person shall at all times have the right to have the appointment revoked and an accounting made to him or her by the curator upon producing proof that he has been pronounced cured. (Our emphasis).
See also, Curatorship of Parks, 210 La. 63, 26 So.2d 289, 290 (1946) which said the purpose of the Veterans' Guardianship Law is to provide:
practical, speedy and economical procedure for the appointment of curators and the administering of the estates of incompetent veterans and their dependents when such estates consist entirely of money received or to be received from the United States through the Veterans' Administration.... Furthermore, the procedure as set up in the act was wisely adopted by the Legislature of our state for the purpose of jealously guarding and carefully protecting the estate acquired under the act by an incompetent veteran.
Parks, 26 So.2d at 291.
There is no question that the appointment of a curator under the Veterans' Guardianship Act does not constitute a full interdiction. Rather, such an appointment is akin to a limited interdiction even though at the time of the appointment (1966), limited interdictions did not exist in Louisiana.[1] As such, there is no prohibition against Mr. Francis contracting to give Mrs. Francis a portion of his benefits since the curatorship powers were limited to those listed in the judgment of appointment.
Mr. Francis urges the judgment should nonetheless be upheld because evidence was introduced showing that Mr. Francis lacked capacity at the time he executed the affidavit, such that enforcement of its terms would be prohibited.
Mrs. Francis claims that this Court should not consider that evidence because she was not given an opportunity to rebutt. She claims that when the curatorship judgment was introduced, the trial court recessed, requested briefs on the effect of the curatorship, then rendered judgment. Apparently the trial court was of the opinion that the judgment pretermitted the need for further testimony.
Because the record is not complete we remand for further proceedings regarding the enforceability of the affidavit.
During oral argument counsel for both parties stipulated that alimony was denied by judgment rendered February 17, 1988 and appeal time had expired. Thus, the alternate plea for alimony is not before us.
The judgment is reversed and the case remanded for further proceedings.
REVERSED; REMANDED.
NOTES
[1] La.C.C.Art. 389.1, relevant to limited interdictions, was added in 1981.